CHIPMAN BROWN CICERO & COLE, LLP
HERCULES PLAZA
1313 N. MARKET STREET, SUITE 5400
WILMINGTON, DELAWARE 19801
WWW.CHIPMANBROWN.COM

PAUL D. BROWN
(302) 295-0194
BROWN@CHIPMANBROWN.COM

**CHIPMAN BROWN CICERO & COLE**

DELAWARE | NEW YORK

September 6, 2016

*Via Electronic Filing*
The Honorable Sherry R. Fallon
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE 19801

      Re:   *Novanta Corporation v. Iradion Laser, Inc.*;
              **Case 1:15-cv-01033-SLR-SRF (D. Del.)**

Dear Judge Fallon:

      Pursuant to the Standing Order Regarding Discovery Matters, and in preparation for the Telephonic Hearing on Discovery Disputes to be held on September 12, 2016, Novanta (formerly "GSI") submits this letter to request an Order compelling Iradion Laser, Inc. ("Iradion") to (1) produce all core technical documents; (2) produce all documents responsive to Novanta's Document Request ("RFP(s)") Nos. 16, 23, 27, 31, 34, 40, 46, 59 and 60; and (3) substantively respond to Interrogatory Nos. 1, 4, 6, 7, 9, 18-21. Counsel met and conferred on these issues on the telephone on July 11, 2016 and August 17, 2016.

      **A.  Core Technical Document Production**

      To date, other than prior art, Iradion has only produced 158 pages. Of these 158 pages, only 33 pages could be considered technical documents. The entirety of the core technical document production consists of seven (7) documents: one (1) public operation manual, two (2) public specification sheets, and four (4) technical drawings where most relevant dimensions are not shown. It is difficult to fathom that Iradion has only seven (7) core technical documents showing the operation of the Accused Products.

      Novanta suspected that Iradion would resist producing technical documents which is why Novanta requested the Scheduling Order specify that Iradion's initial disclosures should include "documents sufficient to show the dimensions and construction of the following components, elements, features, and/or characteristics of the accused product(s): resonator cavity; front and rear resonator mirrors; and gain medium." *See* Scheduling Order at § 1(c)(3).

The Honorable Sherry R. Fallon
September 6, 2016
Page 2

Iradion has not produced any (1) requirement and in-house technical specifications, (2) design documents, (3) scope of work documents and schedules, (4) vendor specifications, (5) complete functional programming guides, (6) testing documents, (7) deployment documents, (8) maintenance documents, (9) internal user guides, (10) system integration documents, (11) engineer training documents, (12) system architecture documents, or (13) complete architectural design documents that would allow one to design and develop these systems. These types of documents would be highly relevant to the architecture of the Accused Products and should have been produced long ago. Instead, Iradion has delayed in producing these documents but has indicated it plans to produce additional technical documents as the case progresses.

### B.  Documents Responsive to Iradion's Document Requests

Iradion has yet to produce any documents responsive to Iradion's document requests beyond the 158 pages discussed above and its prior art references. Further, Iradion has stated that it "will not be producing documents in response to GSI's Requests For Production Nos. 16, 23, 27, 31, 34, 39, 40, and 46 based upon its objections." *See* Ex. A at 1 [Larsen 6/22/16 Letter]. These requests seek, for example, document retention policies, electronic document storage locations, corporate records, documents furnished to fact witnesses in connection with the patents-in-suit, documents identifying those involved with sending a ceramic core to Novanta in 2012 and other correspondence with Novanta, and right to use opinions. *See* Ex. B at 19-20, 24-25, 31, 33-34, 40, and 42-43 [Iradion's Responses to GSI's First Set of RFPs].

After setting forth boilerplate objections for privilege and discovery beyond Rules 26 and 34 of the FRCP, each response includes the objection: "Iradion further objects to this Request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeking discovery of matters that are neither relevant to any party's claim or defense nor proportional to the needs of the case." *Id.* These types of conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable are not permitted. *See* Fed. R. Civ. P. 34(b). Rule 34(b) requires a party objecting to a discovery request to include the reasons for the objection. *Martin v. Zale Del., Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 U.S. Dist. LEXIS 105215, at *3 (M.D. Fla. Dec. 15, 2008). Objections stating that a request is "vague," "overly broad," or "unduly burdensome" are meaningless standing alone. *Id.* A party objecting on these grounds must explain its reasoning in a specific and particularized way. *Id.* An objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why. *Id.* at *4. Iradion's boilerplate objections and "subject to" statement that it will produce responsive documents "preserves nothing and wastes the time and resources of the parties and the court." *Id.* These types of objections are clearly not permitted and should be withdrawn. Novanta requests an order that all documents responsive to RFP Nos. 16, 23, 27, 31, 34, 40, and 46 be produced.

Additionally, Iradion's objections to RFPs Nos. 59 and 60, which seek documents for additional potentially infringing products, make clear that it will not produce responsive

The Honorable Sherry R. Fallon
September 6, 2016
Page 3

documents based on the objection that the requests are directed to products other than the accused Iradion 15XXT Lasers.  *See* Ex. C at 7-8 [Iradion's Responses to GSI's Third Set of RFPs].  This objection is improper. Novanta's complaint clearly identifies gas lasers **including at least** the Iradion 1510 gas laser. Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Novanta identified the lasers it knows infringe the patents-in-suit.  Iradion cannot unilaterally limit discovery to the lasers Novanta knows about and identified in its infringement contentions.  *Ushijima v. Samsung Elecs. Co.*, Case No. 12-cv-318, Dkt. 97, at 2 (W.D. Tex. May 29, 2014) (denying defendant's motion for protective order to restrict discovery to products identified in plaintiff's complaint or preliminary infringement contentions)[*see* Ex. D]; *Honeywell Int'l Inc. v. Acer Am. Corp.*, 655 F.Supp.2d 650, 656-57 (E.D. Tex. 2009) (patentee of LCD driver systems granted discovery request for over 600 products despite only including three in preliminary infringement contentions).

### C. Interrogatory Responses

Novanta served twenty-one (21) interrogatories on Iradion at the outset of discovery. Iradion has not provided substantive responses to Interrogatory Nos. 1, 4, 6, 7, 9, 18-21.  *See* Ex. E [Iradion's Responses to GSI's First Set of Interrogatories].  These Interrogatories seek basic information.

*Response to Interrogatory 1*

Interrogatory 1 requests Iradion's factual and legal basis for its invalidity allegation. While Iradion's invalidity contentions provide seven (7) claim charts that identify six (6) references, they do not address the more than 100 additional disclosed prior art references. Iradion has agreed to supplement its response but has yet to provide any supplementation.

*Response to Interrogatory 4*

Interrogatory 4 asks Iradion to describe the research and design, manufacture and development, testing, marketing, and sales of the Accused Products.

Iradion improperly relies on Rule 33(d) and states "GSI may determine further information sought by this Interrogatory by examining documents that Iradion will produce in response to GSI's First Set of Requests for Production."  Iradion fails to identify any documents by Bates number and does not provide a narrative response with the requested information. Iradion's response is clearly deficient according to the relevant case law.

A party may rely on Rule 33(d) only if the answer to an interrogatory can be determined by examining, compiling, abstracting, auditing, or summarizing a party's business records or electronically-stored information, and the burden to find the answer is substantially the same for either party. *Frontier Comm. Corp. v. Google Inc.*, C.A. No. 10-545-GMS, Dkt. 75 at 6 (D. Del.,

The Honorable Sherry R. Fallon
September 6, 2016
Page 4


Feb. 3, 2013) (holding Google must supplement where it did not specify which documents possess the responsive information and it was not clear that Google's burden was substantially the same as plaintiff) [*see* Ex. F].  Where the information sought concerns defendant's own products and business practices, even where plaintiff has the same access to defendant's documents, it is unlikely that the parties are in the same position to obtain the requested information.  *See Bigband Networks, Inc. v. Imagine Commc'n, Inc.*¸ C.A. No. 07-351-JJF, 2010 U.S. Dist. LEXIS 72740, at*8 (D. Del. July 20, 2010); *Personal Audio, LLC v. Apple, Inc. et al.*, No. 9:09-cv-111, Dkt. 139 at 5 (E.D. Tex., June 1, 2010)[*see* Ex. G].  Novanta is not in a position to discover this information through any other reasonable means.

*Response to Interrogatory 6*

Interrogatory 6 asks Iradion for the facts and circumstances related to the date Iradion first acquired knowledge or awareness of the patents-in-suit.  In response, Iradion merely states that it learned of the patents in 2010.  Iradion's terse response does not include any facts or circumstances related to how this knowledge came about, what knowledge was gained, what investigation took place, or what it did once it learned of the patents-in-suit in 2010.  All of this information should have been included in Iradion's answer.  Although Iradion agreed during a meet and confer held on August 17, 2016 to supplement its answer, it has yet to do so.

*Response to Interrogatory 7*

Interrogatory 7 asks Iradion for the steps Iradion takes to avoid infringing the patent rights of others, including steps Iradion took to avoid infringing the patents-in-suit.  Iradion's response merely states that the Accused Products do not infringe.  Iradion has not provided any discussion regarding the steps it takes to avoid infringing patent rights.  If Iradion has not taken any steps to avoid infringing patent rights, including patent rights of Novanta, then it must state so clearly in its response.  Otherwise, Iradion must provide the requested information.  Because Iradion has not clearly stated any meaningful answer in response to this interrogatory, Iradion should supplement its responses and provide the requested information.

*Response to Interrogatory 9*

Interrogatory 9 asks for all bases Iradion believes gives it the right or authority to make, use, import, offer to sell, and/or sell the Accused Products.  For the same reasons Iradion's response to Interrogatory 7 is insufficient, its response here is also insufficient.

*Response to Interrogatory 18*

Interrogatory 18 asks Iradion to identify the relevant *Georgia-Pacific* factors.  Again, Iradion objects and merely states that it does not infringe the patents-in-suit, therefore it does not need to provide the requested information because Novanta is not entitled to any royalty.  It is improper for Iradion to artificially set a threshold of a finding of infringement before it must

The Honorable Sherry R. Fallon
September 6, 2016
Page 5

provide information relevant to damages in the current suit. The *Georgia-Pacific* analysis assumes the patent is valid and infringed, and this case has not been bifurcated. Iradion's answer is, therefore, improper. Despite agreeing to supplement its answers, Iradion has yet to do so.

*Response to Interrogatory 19*

Interrogatory 19 asks for the factual support Iradion will rely on for its assertion that Novanta is not entitled to lost profits. For the same reasons Iradion's response to Interrogatory 18 is insufficient, its response here is also insufficient. Again, despite agreeing to supplement, Iradion has yet to provide any supplementation.

*Response to Interrogatory 20*

Interrogatory 20 asks Iradion for all facts that support its contention that it has not willfully infringed the patents-in-suit. In response, Iradion raises a host of meritless objections, stands on those objections, and does not provide a substantive response. Novanta is entitled to the facts Iradion relies on for its contention that it does not willfully infringe the patents-in-suit.

*Response to Interrogatory 21*

Interrogatory 21 asks for Iradion's factual and legal grounds for its Affirmative Defenses. In response, Iradion again relies on a host of meritless objections and provides no substantive response. In Iradion's answer, Iradion alleged defenses of laches, estoppel, and waiver. Novanta is entitled to know the factual bases of these defenses. Instead of providing meaningful answers, however, Iradion merely objects that this information is premature. This objection is without merit and Iradion's unjustified withholding of this relevant information prejudices Novanta.

*   *   *

For the above reasons, Novanta requests the relief outlined in the first paragraph of this letter.

Respectfully,

/s/ Paul D. Brown

Paul D. Brown (No. 3903)

Enclosures
cc: Clerk of Court (via hand delivery)
    Counsel of Record (via CM/ECF)