**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NOVANTA CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 15-1033-SLR-SRF |
| | ) |
| IRADION LASER, INC. | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 16ᵗʰ day of September, 2016, the court having considered the letter

briefs and arguments presented by the parties regarding the motion to compel discovery filed by

plaintiff, Novanta Corporation ("Plaintiff") (D.I. 38, 39), IT IS HEREBY ORDERED that

Plaintiff's motion to compel is granted-in-part and denied-in-part, for the reasons set forth below:

## I.    BACKGROUND

Synrad, Inc. ("Synrad") filed this patent infringement action on November 9, 2015. (D.I.

1) As a result of corporate restructuring, Synrad became a division of its parent company, GSI

Group Corporation ("GSI"). (D.I. 12) Accordingly, GSI was substituted as the plaintiff. GSI

changed its name to Novanta Corporation on May 12, 2016. (D.I. 37) Consequently, on August

18, 2016, by oral order, the court amended the caption of the complaint to reflect the plaintiff's

name change.

Plaintiff is a Michigan corporation that manufactures and sells $CO_2$ lasers for use in

cutting and engraving machines, laser marking systems, and custom laser processing tools. (D.I.

1 at ¶¶ 1, 10) Defendant, Iradion Laser, Inc. ("Iradion"), is a Delaware corporation. (*Id.* at ¶ 4)

Plaintiff alleges that Iradion infringes U.S. Patent No. US 6,198,759 B1 (the "'759 patent"),

entitled "Laser System and Method for Beam Enhancement," and U.S. Patent No. US 6,614,826

B1 (the "'826 patent"), entitled "Laser System and Method for Gain Medium with Output Beam Transverse Profile Tailoring Longitudinal Strips." (D.I. 1)

### A. 2012 Prior Litigation

On May 31, 2012, the World Intellectual Property Organization, International Bureau, published International Publication No. WO2012/071161 A2, by Clifford E. Morrow et al. (*Id.* at ¶ 14) The publication is entitled "Ceramic Gas Laser Having an Integrated Beam Shaping Waveguide" (the "Morrow Publication"). (*Id.*) The Morrow Publication relates to a patent owned by Iradion: U.S. Patent No. US 8,295,319 B2 (the "'319 patent"), also entitled "Ceramic Gas Laser Having an Integrated Beam Shaping Waveguide." (*Id.* at ¶ 15, Ex. C)

In 2012, Plaintiff notified Iradion that manufacture, use, offer for sale, sale and/or importation into the United States of $CO_2$ lasers constructed in accordance with the Morrow Publication would infringe claims of the '759 and '826 patents. (*Id.* at ¶ 21) Plaintiff also sought assurances that Iradion had not conducted such activities, and that Iradion would not do so prior to the expiration of the '759 and '826 patents. (*Id.* at ¶ 22) Iradion responded that it did not make gas lasers in accordance with the drawings and associated written description of the Morrow Publication. (*Id.* at ¶¶ 23–26) Plaintiff filed a complaint for patent infringement against Iradion on September 13, 2012, but dismissed that complaint after Iradion sent Plaintiff a component part common to the Iradion 156 and Iradion 154 gas lasers, which did not purport to have been made in accordance with the Morrow Publication. (*Id.* at ¶¶ 28–30)

### B. The Present Litigation

Subsequent to resolution of the 2012 litigation, Plaintiff obtained and inspected an Iradion 1510 gas laser. (*Id.* at ¶ 31) Plaintiff determined that the Iradion 1510 gas laser was

designed, manufactured, and constructed in a manner different from what Iradion represented in 2012 regarding the Iradion 156 and Iradion 154 gas lasers. (*Id.*)

On September 18, 2014, Iradion published the "White Paper" to its website, entitled "Interfacing Optical Systems with Iradion $CO_2$ Lasers" (the "White Paper"). (*Id.* at ¶ 18) Plaintiff contends that the White Paper "notes that at least some of Iradion's gas laser products are, in fact, designed, manufactured, and constructed in accordance with the drawings and associated written description of the ['319 patent'], and thus by necessity of the [Morrow Publication], as well, contrary to both the assurances made by Iradion in 2012 and at odds with the sample component part sent by Iradion to [Plaintiff] in 2012." (*Id.* at ¶ 32) Accordingly, Plaintiff alleges that the Iradion 1510 laser infringes the '759 and '826 patents. (*Id.* at ¶¶ 34–49)

On April 15, 2016, Plaintiff propounded its first set of interrogatories and requests for production to Iradion. (D.I. 24) Plaintiff propounded its second set of requests for production on April 29, 2016. (D.I. 25) Iradion filed its responses and objections on May 17, 2016, and May 19, 2016, respectively. (D.I. 26, 27) Plaintiff now moves the court to compel Iradion to supplement its core technical document production and discovery responses. (D.I. 38) Iradion asserts that it has produced sufficient core technical documents, and Plaintiff's discovery requests are irrelevant and disproportional to the needs of the case pursuant to Rule 26. (D.I. 39) The court held a discovery dispute hearing on September 12, 2016 to address the parties' arguments.

## II.   LEGAL STANDARD

Pursuant to Rule 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

3

> resources, the importance of the discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery outweighs its likely benefit.
> Information within this scope of discovery need not be admissible in evidence to
> be discoverable.

Fed. R. Civ. P. 26(b)(1). A party may move for an order compelling discovery pursuant to Rule

37. Generally, a party moving to compel discovery bears the burden of demonstrating the

relevance of the requested information. *See Delaware Display Group LLC v. Lenovo Group

Ltd.*, Civil Action Nos. 13-2108-RGA, 13-2109-RGA, 13-2122-RGA, 2016 WL 720977, at *2

(D. Del. Feb. 23, 2016) (citing *Inventio AG v. ThyssenKrupp Elevator Am. Corp.*, 662 F. Supp.

2d 375, 381 (D. Del. 2009)). However, "[t]he parties and the court have a collective

responsibility to consider the proportionality of all discovery and consider it in resolving

discovery disputes." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment.

## III.   DISCUSSION

### A. Core Technical Documents

Plaintiff asserts that Iradion has only produced 158 pages of core technical documents.

(D.I. 38 at 1) Accordingly, Plaintiff argues that the court should compel Iradion to produce

additional categories of documents, including: (1) requirement and in-house technical

specifications; (2) design documents; (3) scope of work documents and schedules; (4) vendor

specifications; (5) complete functional programming guides; (6) testing documents; (7)

deployment documents; (8) maintenance documents; (9) internal user guides; (10) system

integration documents; (11) engineer training documents; (12) system architecture documents,

and (13) complete architectural design documents. (*Id.* at 2) Iradion responds that it sufficiently

produced documents in compliance with the Scheduling Order. (D.I. 39 at 1) Furthermore, at the

discovery dispute hearing, Iradion argued that documents responsive to each of the categories

identified by Plaintiff do not exist.

4

The Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") (the "Default Discovery Standard") explains that core technical documents include "documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications." Default Discovery Standard at ¶ 4(b). The Scheduling Order governing this action requires Iradion to produce core technical documents "sufficient to show how the accused product(s) work[]." (D.I. 18 at ¶ 1(c)(3)) Partly at issue with the Accused Products is the dimensions of the ceramic cores used in Iradion's lasers. (D.I. 39 at 1)

At the discovery dispute hearing, Iradion represented that it has learned of the existence of additional "testing documents," and Iradion agreed to produce such documents. Iradion also agreed to produce core technical documents related to non-infringing products such as the Iradion Low Power Laser and the Iradion R250 Watt product. Plaintiff has not specifically directed the court to evidence that Iradion is in possession of other responsive "operation manuals, product literature, schematics, and specifications." Default Discovery Standard at ¶ 4(b). Absent evidence to the contrary, the court must take Iradion at its word that documents sought within the categories specified by Plaintiff do not exist. *See, e.g.*, *Flax v. Delaware*, No. CIVA 03-922 KAJ, 2006 WL 2398784 (D. Del. Aug 18, 2006) (denying a motion to compel where the producing party denied that the information existed); *Gilead Scis., Inc. v. Merck & Co.*, Case No. 5:13-cv-04057-BLF, 2016 WL 146574, at *2 (N.D. Cal. Jan. 13, 2016) ("[w]ithout more specific information triggering some reason for doubt, the Court must take the producing party...at its word."). Therefore, Iradion is ordered to supplement its production of core technical documents described in ¶ 1(c)(3) of the Scheduling Order, consistent with its representations to the court, and to the extent that additional responsive documents exist. Pursuant to the time fame

discussed at the discovery dispute hearing, such production is to be supplemented on or before September 26, 2016.

### B. Plaintiff's Requests for Production ("RFP")

**1.      RFP 16:** *Documents sufficient to show Iradion's document retention and document destruction policies since March 6, 2001.*

Iradion argues that this request seeks privileged information protected by the Default Discovery Standard, work product doctrine, and attorney client privilege. (D.I. 39 at 2) At the discovery dispute hearing, Plaintiff argued that it merely seeks corporate policies, which are not privileged or covered by the Default Discovery Standard.

The Default Discovery Standard reads: "Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B)." Default Discovery Standard at ¶ 1(d)(iii). The court finds that document retention and destruction policies fit squarely within the meaning of the "duty to preserve information." *Id.* Accordingly, such documents are privileged under the Default Discovery Standard. Therefore, Plaintiff's motion to compel is denied with respect to RFP 16. Pursuant to the Default Discovery Standard, the parties are to meet and confer regarding "the nature and scope of privilege logs for this case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged." *Id.* at ¶ 1(d)(i).

**2.      RFP 23:** *Documents sufficient to show the location of any servers hosting any portion of Iradion's electronic commerce systems used in connection with Iradion's sales and offers for sale of any Accused Products.*

Iradion argues that this request is neither relevant nor proportional to the needs of the case because it does not sell products on its website, and the server location has no bearing on whether Iradion infringes. (D.I. 39 at 2) At the discovery dispute hearing, Plaintiff argued that

6

the information sought was relevant because it would provide information about the server

custodian, which would aid Plaintiff in determining who to depose as discovery continues.

Plaintiff has failed to reasonably demonstrate a nexus between Iradion's server location

and its allegations of infringement. Furthermore, Plaintiff has not shown that such information is

"critical to resolving the issues before the [c]ourt." *See Wyeth v. Impax Labs., Inc.*, 248 F.R.D.

169, 171 (D. Del. 2006) (denying a motion to compel where the documents sought were not

critical to resolving the issues in the case). Moreover, pursuant to Rule 26, Iradion was required

to provide "the name and, if known, the address and telephone number of each individual likely

to have discoverable information—along with the subjects of that information—that [it] may use

to support its claims or defenses...." Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiff has not indicated

that Iradion failed to produce sufficient initial disclosures, which would contain the type of

information Plaintiff contends it seeks from this request. Therefore, Plaintiff's motion to compel

is denied with respect to RFP 23.

    **3.**     **RFP 27:** *Iradion's corporate records, including certificate(s) of incorporation and charter documents, corporate organizational charts, corporate by-laws, minute books, minutes of Board of Director meetings, ownership records, financial statements or summaries, profit-and-loss statements or summaries, business licenses, corporate filings, SEC filings, stockholder agreements, stock options, and annual filings with any state or federal agency.*

Iradion argues that this request is overbroad and not relevant because it is not tied to the

patents-in-suit or the Accused Products. (D.I. 39 at 2) Furthermore, at the discovery dispute

hearing, Iradion represented that it is already producing this type of information with respect to

the patents-in-suit. Plaintiff responded that the documents are relevant to issues of willfulness

and damages. Because the parties are direct competitors, Plaintiff is interested in learning

information about patent infringement avoidance and how Iradion interacts with competitors in

the marketplace.

It is Plaintiff's burden to show how discovery related to general requests for incorporation documents, corporate records, and related documents covering all aspects of Iradion's business, is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The court finds that the request for general corporate documents unrelated to infringement and the damages claims in issue is overbroad when "considering the importance of the discovery in resolving the issues." *Id.* Although there is the potential that some corporate records will help Plaintiff to establish willfulness or damages claims, the document request, as written, is not narrowly tailored or proportional to the infringement claims in the pending suit. Additionally, the court has considered that producing every corporate record is in itself overbroad and burdensome. *Id.* Therefore, Plaintiff's motion to compel is denied with respect to RFP 27.

**4.     RFP 31: *All documents and things furnished to, shown to, produced by, or received from any fact witness contacted, interviewed, or consulted by any defendant or its agents or attorneys in connection with the patents-in-suit.***

Iradion argues that this request improperly seeks privileged information. (D.I. 39 at 2–3) At the discovery dispute hearing, Plaintiff responded that to the extent that fact witnesses are no longer Iradion employees, such information is not privileged, even if they will not testify at trial.

The attorney-client privilege protects communications between a client and an attorney related to securing legal advice. *See Rhone–Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir.1994). With respect to the work product doctrine, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). A lawyer's work-product, including notes memorializing an interview with a fact witness, is protected from discovery. *See Georgetown v. David A. Bramble, Inc.*, Civ. No. 15-554-SLR, 2016 WL 2771125, at *2 (D. Del. May 13, 2016). When a party claims that withheld information is privileged or subject to protection as trial-preparation material, the party must: "(i) expressly make the claim; and (ii)

8

describe the nature of the documents, communications, or tangible things not produced or disclosed...." Fed. R. Civ. P. 26(b)(5).

At the discovery dispute hearing, Iradion agreed that it will produce documents related to fact witnesses who will testify at trial. Accordingly, Iradion is ordered to produce such documentation subject to privilege objections. To the extent Iradion asserts any privilege with respect to any remaining documents covered by Plaintiff's request, Iradion is ordered to produce a privilege log in accordance with Rule 26 and the Default Discovery Standard discussed at § III.B.1. This ruling is made without prejudice for Plaintiff to make specific and particularized objections to the documents Iradion claims are protected in its privilege log.

     **5.**    **RFP 34:** *All documents sufficient to identify officers and employees of defendants having involvement in the research and development, design, testing, marketing, and production of the product Iradion sent to Synrad in 2012 in connection with Synrad's patent infringement case against Iradion, Synrad, Inc. v. Iradion Laser, Inc., Civil Action No. 1:12-cv-00650 (D.R.I.), including all documents relating to the decision by Iradion to send that particular product to Synrad.*

Iradion argues that this information is not relevant or proportional to the needs of the case, as the request relates to a non-infringing product. (D.I. 39 at 3) The 2012 litigation was associated with a different, older product than the Accused Products at issue in the present litigation. At the discovery dispute hearing, Plaintiff agreed that the product at issue in the 2012 action does not infringe, but information related to how Iradion changed that product and designed the Accused Products is relevant to Plaintiff's claims of willfulness.

The court finds that Plaintiff has not sufficiently demonstrated that the production of documents related to prior litigation, which do no not involve matters at issue in this litigation, will advance discovery and is proportional to the claims in issue. *See Wyeth v. Impax Labs., Inc.*, 248 F.R.D. 169, 171 (D. Del. 2006) (motion to compel denied where documents related to other litigation were not at issue in the pending litigation). This interrogatory is overbroad when

9

considering "the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1).

Iradion points out that design documents related to the Accused Products in this action are

covered by Iradion's core technical document production and responses to separate document

requests. Plaintiff's interest in Iradion's research and design documents, which it assumes would

show a progression from the non-infringing product in the prior suit to the Accused Products in

the pending suit, may be relevant. However, with regard to the need for this discovery and

proportionality concerns, no record has been made for the court as to whether such information is

lacking in Iradion's document production. Plaintiff's request is not narrowly tailored to identify

a subset of the documents from prior litigation that would advance discovery on the different

Accused Products in the pending suit. Therefore, Plaintiff's motion to compel is denied with

respect to RFP 34.[1]

**6.     RFP 40:** *Documents sufficient to identify all Iradion employees and personnel who were involved in any communications or commercial dealings between GSI and Iradion, including any communication related to the patents-in-suit or the technology covered by the patents-in-suit.*

Iradion argues that Plaintiff already possesses the documents responsive to this request.

(D.I. 39 at 3) At the discovery dispute hearing, Plaintiff argued that it does not have access to all

the responsive documents, as Plaintiff also seeks background communications within Iradion,

which Plaintiff does not have in its possession.

The plain language of this request indicates that Plaintiff seeks only "[d]ocuments

sufficient to identify" the Iradion employees who communicated with Plaintiff's representatives

about the subject matter in issue. Furthermore, the request does not cover background

communications and other documents. In considering "the parties' relative access to [the]

---

[1] At the discovery dispute hearing, Plaintiff represented that it was no longer moving to compel Iradion's response to RFP 39.

information," the court finds that Plaintiff is able to identify the Iradion employees who communicated with Plaintiff regarding the patents-in-suit. Fed. R. Civ. P. 26(b)(1). Moreover, Iradion's Rule 26 initial disclosures contain the identity and contact information of "each individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). Therefore, Plaintiff's motion to compel is denied with respect to RFP 40.

7. **RFP 46:** *All documents that refer or relate to any defendant's corporate policies and actual practices concerning freedom to operate searches, product clearances, right to use opinions, or other mechanisms, if any, to determine whether a product would infringe any other parties' patent rights, including prior to commercial sale of a product or otherwise.*

Iradion argues that this request seeks legal opinions regarding patent rights, which are privileged. (D.I. 39 at 3) Plaintiff responds that it is not seeking privileged opinions, but corporate policies prepared outside the scope of this litigation. Iradion asserts that it is not in possession of documents covered by this request that are not privileged.

Plaintiff has not provided any basis for the court to find that a general request seeking policies and opinions on infringement of patent rights would yield responsive documents that are not likely privileged. Moreover, the Scheduling Order takes into consideration an "advice of counsel" defense to any willfulness claims, and it provides a deadline for such disclosure. (D.I. 18 at ¶ 3) To the extent Iradion asserts privilege with respect to documents covered by Plaintiff's request, Iradion is ordered to produce a privilege log in accordance with Rule 26 and the Default Discovery Standard discussed at § III.B.4 following the parties' obligation to meet and confer on this topic. This ruling is made without prejudice for Plaintiff to make specific and particularized objections to the documents Iradion claims are protected in its privilege log.

8. **RFP 59:** *All documents relating to the technical specifications, technical drawings, data sheets, architecture, and dimensions of any laser product with a folded resonator that has been manufactured, used, offered for sale, or sold by Iradion.*

11

Iradion argues that the request seeks information that is neither relevant nor proportional to the needs of the case. (D.I. 39 at 3) Additionally, the "folded resonator" is not at issue in the present litigation. Plaintiff argues that Iradion may not limit discovery solely to products it knows about, and Plaintiff must be given an opportunity to explore potentially infringing products. (D.I. 38 at 3)

"Plaintiff has not articulated with great specificity how the discovery it seeks as to [an] unaccused product[] is related to its existing infringement allegations...." *Invensas Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273, 284 (D. Del. 2012). "Another factor weighing against the grant[ing] of Plaintiff's motion...is the...time-consuming process [Iradion] would face in identifying [all] discovery regarding unaccused products matching Plaintiff's [request]." *Id.* at 286. Therefore, Plaintiff's motion to compel is granted-in-part and denied-in-part with respect to RFP 59. Iradion is ordered to produce documents related to the Low Power Laser and R250 Watt product, which Iradion agreed to produce at the discovery dispute hearing, to allow Plaintiff an opportunity to explore potential additional bases of infringement. Pursuant to the time frame discussed at the discovery dispute hearing, such production is to occur on or before September 26, 2016.

> **9.     RFP 60:** *All documents relating to the technical specifications, technical drawings, data sheets, architecture, and dimensions of any laser product that has been introduced by Iradion or that will be introduced by Iradion since June 2015, including but not limited to Iradion's Low Power Laser Package.*

Iradion argues that the request seeks information that is neither relevant nor proportional to the needs of the case. (D.I. 39 at 3) The request is overbroad because it relates to documents covering all Iradion products, including non-infringing products.

For the reasons discussed in the preceding section, this requests is overbroad, as it is not tailored to the asserted patents in this litigation. *See* § III.B.8. Therefore, Plaintiff's motion to

12

compel a response to RFP 60 is granted-in-part and denied-in-part. Iradion is ordered to produce

documents related to the Low Power Laser and R250 Watt product, which Iradion agreed to

produce at the discovery dispute hearing. Pursuant to the time frame discussed at the discovery

dispute hearing, such production is to occur on or before September 26, 2016.

### C. Plaintiff's Interrogatories to Iradion

#### 1. Interrogatories 1, 18, 19, 20, 21: Contention Interrogatories

Interrogatory 1 reads in part:

> To the extent you contend any claim of the patents-in-suit are invalid, separately
> for each such claim, state all factual and legal bases for your invalidity
> allegation....

Interrogatory 18 reads in part:

> Identify all factors...that you contend are relevant, or would be relevant, to the
> determination of a reasonable royalty rate for the licensing of the patents-in-
> suit....

Interrogatory 19 reads in part:

> If you contend that GSI is not entitled to lost profits, identify all facts that support
> your contention....

Interrogatory 20 reads in part:

> If you are found to have infringed any claim of the patents-in-suit and you
> contend that such infringement has not been willful, identify each fact that
> supports, evidences, and/or contradicts that contention.

Interrogatory 21 reads in part:

> To the extent not covered in full by another Interrogatory, set forth in detail the
> factual and legal grounds for all Affirmative Defenses you have asserted in your
> response....

> Iradion contends that Interrogatories 1, 18, 19, and 21 comprise contention

interrogatories, which are premature as discovery is ongoing. (D.I. 39 at 3–5) Additionally,

Interrogatory 20 need not be answered until "Iradion is found to have infringed...." *Id.* at 5.

13

Contention interrogatories ask a party to state what it contends, whether it makes a specified contention, all the facts upon which it bases a contention, to take a position, explain or defend that position, or to state the legal or theoretical basis for a contention. *B. Braun Med. Inc. v. Abbott Labs.,* 155 F.R.D. 525, 527 (E.D. Pa. 1994). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. *See* Fed. R. Civ. P. 33(c). However, a court may defer such interrogatories until the end of discovery. *See Conopco, Inc. v. Warner-Lambert Co.*, No. Civ.A. 99-101(KSH), 2000 WL 342872, at *4 (D.N.J. Jan. 26, 2000); *see also Amgen Inc., v. Sandoz Inc.*, Case No. 14-cv-04741-RS (MEJ), 2016 WL 1039029, at *3 (N.D. Cal. Mar. 15, 2016) ("courts tend to deny contention interrogatories filed before substantial discovery has taken place, [and instead] grant them if discovery almost is complete"); *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 96 (E.D. Pa. 1992) (contention interrogatories were premature when filed before substantial documentary or testimonial discovery had been completed). If the court forces a party to respond to early contention interrogatories, the party may have to set forth theories of its case that have not yet been developed. *Braun,* 155 F.R.D. at 527. Accordingly, the party serving the interrogatories must show that early answers "will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, [] setting up early settlement discussions, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56." *Conopco*, 2000 WL 342872, at *4.

In the present action, Plaintiff was required to produce an initial claim chart relating each known accused product to the asserted claims by June 3, 2016. (D.I. 18 at ¶ 1(c)(5)) Iradion was required to produce its initial invalidity contentions by July 22, 2016. (*Id.* at ¶ 1(c)(6)) The opening claim construction brief is due on December 23, 2016. (*Id.* at ¶ 5(e)) Final infringement

and invalidity contentions are not due until April 28, 2017 and May 26, 2017, respectively. (*Id.* at ¶ 1(f)(2)–(3))

The Scheduling Order incorporates the concept that discovery will progress in phases. Plaintiff has not articulated a reason for expediting complete and final responses to contentions ahead of the deadlines in the Scheduling Order. It would be premature to require Iradion to detail with specificity and finality the factual and legal bases for its claims in the early stages of discovery. The fact discovery deadline is not until April 14, 2017, and the parties' respective infringement and invalidity theories will advance over the course of that time. (*Id.* at ¶ 1(a)) The same holds true for affirmative defenses. That being said, Iradion has a continuing obligation to supplement its discovery responses pursuant to Rule 26(e) as information becomes known. Fed. R. Civ. P. 26(e). Therefore, Plaintiff's motion to compel more sufficient answers to its contention interrogatories is granted-in-part and denied-in-part. Iradion is ordered to supplement its responses in accordance with Rule 26(e) and the Scheduling Order.

   2.   **Interrogatory 4: *Describe in detail all facts and circumstances related to the research and design, manufacture, development, testing, marketing, and sales of each Accused Product, including an identification of two key persons involved in each of (1) research and design, (2) manufacture and development, (3) testing, (4) marketing, and (5) sales for each Accused Products, and give such persons' job title and responsibilities with regard to the Accused Products.***

Plaintiff argues that Iradion improperly relied on Rule 33(d) by referring Plaintiff to documents it produced, without specifying which documents it refers to. Iradion responds that the interrogatory is overbroad, and its reliance on Rule 33(d) is appropriate because the burden of gathering the responsive information would be the same on either party.

If the burden would be substantially similar for either party, Rule 33(d) "permits a party to respond to an interrogatory by pointing to business records from which the answer to the interrogatory can be ascertained." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l,*

*Inc.*, C.A. No. 04-1371-JJF, 2005 WL 8136574, at \*1 (D. Del. Oct. 11, 2005) (citing Fed. R. Civ. P. 33(d)). "However, a party answering an interrogatory in this fashion must 'specify the records…in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.'" *Id.* (quoting Fed. R. Civ. P. 33(d)). Therefore, Plaintiff's motion to compel is granted-in-part and denied-in-part. Iradion is ordered to supplement its response to this interrogatory, consistent with Rule 33(d), identifying with particularity the documents to which it refers, on or before September 26, 2016. *See Inventio AG v. Thyssenkrupp Elevator Am. Corp.*, C.A. No. 08-874-RGA, 2013 WL 4451232, at \*1 (D. Del. Apr. 9, 2013), *adopted as modified by* 2013 WL 4476100 (D. Del. Aug. 15, 2013). Plaintiff's request for a narrative response is denied without prejudice to seek additional relief following Iradion's supplementation.

      **3.**    **Interrogatory 6:** *Describe in detail all facts and circumstances related to the date Iradion first acquired knowledge or awareness of the patents-in-suit and identify all employees who acquired such knowledge or awareness, the manner in which those employees acquired such knowledge or awareness, and the identification of all documents that evidence, refer to, or relate to Iradion's first awareness of the patents-in-suit.*

      At the discovery dispute hearing, Iradion agreed to supplement this response. As such, Iradion is ordered to supplement its response on or before September 26, 2016.

      **4.**    **Interrogatory 7:** *Explain in detail the steps that you have taken to avoid infringing the patent rights of others (if any), including any steps you have taken to avoid infringing the patents-in-suit after learning of their existence or to avoid infringing the patent rights of third parties regarding the Accused Products….As part of your response, identify all material documents supporting your response along with the five most knowledgeable persons about your response….*

      Iradion argues that this interrogatory is overbroad because it is not limited to the Accused Products or patents-in-suit. (D.I. 39 at 4) Furthermore, whether Iradion pursued the advice of counsel is privileged information. Plaintiff responds that the request simply seeks to ascertain whether Iradion has a corporate policy related to non-infringement. However, the language of

Plaintiff's interrogatory does not support Plaintiff's position. The interrogatory specifically asks Iradion to explain the steps it has taken to avoid infringing the patent rights of anyone, not limited to Plaintiff or the present litigation. As written, this interrogatory assumes a factual premise disputed by Iradion, i.e., that the patents-in-suit, or other unspecified patents, are infringed. It leaves Iradion with no means of responding without ceding agreement or acceptance of Plaintiff's premise. Consequently, the interrogatory is improperly phrased, and Iradion is not compelled to respond. Moreover, other discovery requests seeking Iradion's factual support for its asserted infringement defenses will likely result in the responses to which this interrogatory, in part, is perhaps targeted.

**5.    Interrogatory 9:** *Identify all bases that you believe give you the right or authority to make, use, import, offer to sell, and/or sell the Accused Products, including identifying all persons, entities, organizations, trades, groups, consortia, and/or other entities you believe have granted you a license or any right(s) under the patents-in-suit.*

Iradion argues that this interrogatory is similarly overbroad. (D.I. 39 at 4) Plaintiff pointed out that this request differs from Interrogatory 7 because with Interrogatory 9, Plaintiff is particularly interested in whether Iradion will assert a license defense. Iradion represented to the court that it has not presently asserted a license defense in this action. Accordingly, for the reasons discussed at § III.C.1, it would be premature to require Iradion to detail with specificity and finality the factual and legal bases for its defenses in the early stages of discovery. That being said, Iradion has a continuing obligation to supplement its discovery responses pursuant to Rule 26(e) as information becomes known. Fed. R. Civ. P. 26(e). Therefore, Plaintiff's motion to compel is granted-in-part and denied-in-part with respect to Interrogatory 9. Iradion is ordered to supplement its responses in accordance with Rule 26(e) and the Scheduling Order.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's motion to compel is granted-in-part and denied-in-part. The court's rulings with respect to Plaintiff's Requests for Production and Interrogatories are summarized by the chart, *infra*.

| RFP and Brief Description | Ruling |
|---|---|
| 16: Document retention and destruction policies | Denied. |
| 23: Location of Iradion servers | Denied. |
| 27: Iradion corporate records | Denied. |
| 31: Documents related to all fact witnesses | Iradion to produce documents related to fact witnesses who will testify at trial, subject to privilege objections. Iradion to produce a privilege log in accordance with Rule 26 and the Default Discovery Standard. |
| 34: Product at issue in 2012 litigation | Denied. |
| 40: Documents sufficient to identify personnel involved in communications with Plaintiff. | Denied. |
| 46: Corporate policies related to patent rights. | Iradion to produce a privilege log in accordance with Rule 26 and the Default Discovery Standard. |
| 59: Documents related to products with a folded resonator. | Iradion to produce documents related to the Low Power Laser and R250 Watt product on or before September 26, 2016. |
| 60: Documents related to all products after 2015. | Iradion to produce documents related to the Low Power Laser and R250 Watt product on or before September 26, 2016. |
| Interrogatory and Brief Description | Ruling |
| 1, 18, 19, 20, 21: Contention interrogatories | Iradion to supplement its responses in accordance with Rule 26 and the Scheduling Order. |
| 4: R&D, manufacture, design, testing, marketing, and sales information for Accused Products | Iradion to supplement its response, identifying with particularity the documents being referred to in its response, on or before September 26, 2016. |

| 6: Information related to when Iradion learned of the patents-in-suit | Iradion to supplement its response on or before September 26, 2016. |
| 7: Steps Iradion took to avoid infringement | Denied. |
| 9: Bases for believing Iradion has right to make or sell Accused Products | Iradion to supplement its response as information becomes available in accordance with Rule 26. |

For the reasons set forth above by this Memorandum Order, Plaintiff's motion to compel is granted-in-part and denied-in-part. To the extent the relief requested has been denied, it is denied without prejudice.

This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: September 1 6 , 2016

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE